## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ENCOMPASS SERVICES CORP., *et al.* | § | |
| | § | |
| Debtor, | § | |
| | § | |
| GILBANE BUILDING COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-CV-0392 |
| | § | Bankruptcy Adv. Proc. No. 02-43582-11 |
| AIR SYSTEMS INC. (f/k/a AIR | § | |
| SYSTEMS ACQUISITION, INC.), *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Gilbane Building Company appeals the bankruptcy court's dismissal of this adversary proceeding. The bankruptcy court held that it lacked jurisdiction and, alternatively, would abstain. After reviewing the parties' briefs, the bankruptcy court's thorough and well-reasoned opinion, the record, and the applicable law, this court affirms the bankruptcy court's order of dismissal and dismisses this appeal. The reasons are stated below.

## I.    Background

In early August 2001, Air Systems Incorporated (ASI), a wholly-owned subsidiary of Encompass Services Corporation, entered into a subcontract with Gilbane to provide commercial heating, ventilating, air conditioning ("HVAC"), and mechanical services work

at the Mission Bay Building at the University of California San Francisco (the "Subcontract"). Gilbane was the general contractor of that project. The Subcontract included a provision prohibiting ASI from assigning any part of the Subcontract, any monies due, or any work to be performed, without Gilbane's prior written consent.

On November 19, 2002, Encompass and its subsidiaries filed for Chapter 11 bankruptcy protection in the Southern District of Texas. On February 21, 2003, ASI and Encompass filed an expedited motion to sell certain ASI assets to ASA. On February 24, 2003, ASA sent a letter to Scott Chilcote, Gilbane's project executive, notifying Gilbane of the pending motion for court approval to sell ASI assets to ASA.[1] On March 17, 2003, the bankruptcy court approved the Purchase and Sale Agreement among ASI, Encompass, and ASA. That agreement included a term prohibiting the transfer of assets that were not transferable without a third party's consent. The parties completed the asset transfer on March 18, 2003. ASA performed under the ASI/Gilbane Subcontract, using ASI's management and employees and cashing checks that Gilbane issued to ASI for the work.

On May 23, 2003, the bankruptcy court confirmed the Debtor's Second Amended Joint Plan of Reorganization of Encompass Services Corporation and Its Affiliated Debtors under Chapter 11 of the Bankruptcy Code. In the second half of 2003, ASA completed its work on the Subcontract. On November 7, 2003, ASA sued Gilbane in the Superior Court of California, County of San Francisco, alleging that Gilbane had failed to pay all the sums

---

[1] Gilbane disputes this fact and contends that it had no notice of the sale and, alternatively, that ASA did not disclose that the Subcontract would be assigned as part of the sale. The bankruptcy court found that ASA provided Gilbane notice of the sale and that it covered the Subcontract.

owing under the Subcontract and seeking damages.

On March 30, 2005, the California state court imposed evidentiary and monetary sanctions against Gilbane for discovery abuse. The sanctions order prohibited Gilbane from introducing evidence on the subject matter of the discovery to which Gilbane had not responded. That order precluded Gilbane's defense against ASA's claim. On June 3, 2005, Gilbane filed a brief in the California case opposing ASA's motion for summary judgment. For the first time, Gilbane claimed that it had not given written consent to ASI's assignment of the Subcontract to ASA; that the bankruptcy estates of ASI and Encompass could not have validly assigned the Subcontract without such consent; and that ASA could not validly assert any claim against Gilbane under the Subcontract.

On June 10, 2005, one week before a scheduled hearing in the California suit on ASA's summary judgment motion, Gilbane initiated the adversary proceeding in the bankruptcy court in this district. In its complaint in the bankruptcy court, Gilbane alleged that ASA lacked standing to file the California suit because ASA's assignment from ASI/Encompass was invalid. Gilbane sought a declaratory judgment that the assignment to ASA was invalid and that the Subcontract remained in the debtor's estate. Gilbane also sought an injunction preventing ASA from prosecuting its claims in the California state court. At the June 17, 2005 hearing, the California state court orally granted ASA's summary judgment motion. A written order entered in September 2005 granted ASA's motion for summary judgment on its contract and equitable claims and entered judgment against Gilbane for $2.2 million. That judgment is now on appeal in California.

3

In the adversary proceeding, Gilbane dismissed Encompass and the Board of Regents of the University of California, leaving only itself and ASA—both nondebtors—as parties. ASA moved to dismiss the adversary proceeding for lack of jurisdiction or, in the alternative, to have the bankruptcy court abstain.  The bankruptcy court ruled in ASA's favor.  Gilbane timely appealed.

## II.    Analysis

In reviewing a bankruptcy court decision, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal.  *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992).  A bankruptcy court's findings of fact remain unless they are clearly erroneous.  FED. R. BANKR. P. 8013; *In re McDaniel*, 70 F.3d 841, 842–43 (5th Cir. 1995).   A finding of fact is clearly erroneous if, after review of all the evidence, the court is left with a firm and definite conviction that the bankruptcy court erred. *In re McDaniel*, 70 F.3d at 843.  Legal conclusions are reviewed *de novo*.  *Id.*; *In re Herby's Foods, Inc.*, 2 F.3d 128, 130 (5th Cir. 1993).   An abstention decision is reviewed for clear abuse of discretion.  *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1207 (5th Cir. 1996).

The bankruptcy court thoroughly analyzed the basis for finding no jurisdiction. Gilbane argues that:  (1) the bankruptcy court took too narrow a view of its jurisdiction and applied an incorrect jurisdiction test; (2) the adversary proceeding is inextricably intertwined with, and sufficiently related to, the bankruptcy case to support postconfirmation jurisdiction; and (3) the bankruptcy court abused its discretion in alternatively holding that it would

4

abstain from hearing the case.  Each argument is addressed in turn.

Gilbane asserts that the bankruptcy court misapplied *In re Craig's Stores*, 266 F.3d 388 (5th Cir. 2001), in reaching the decision that there was no postconfirmation jurisdiction.[2] Gilbane contends that the adversary proceeding was based on a substantive right provided by Title 11 that could arise only in the context of the bankruptcy case.  Gilbane invokes Section 365(f) of the Bankruptcy Code and its claim that ASA failed to give Gilbane proper notice under Bankruptcy Rule 6006 in support of this argument.

*In re Craig's Stores* makes clear that the bankruptcy court's jurisdiction is extinguished on confirmation of the reorganization plan, "other than for matters pertaining to the implementation or execution of the plan." *Id.* (citing *In re Fairfield Communities, Inc.*, 142 F.3d 1093, 1095 (8th Cir. 1998); *In re Johns-Manville Corp.*, 7 F.3d 32, 34 (2d Cir. 1993)).  Gilbane's claims do not fit within this exception.  The claims raised in the adversary proceeding do not affect the execution or implementation of the confirmed plan.  The adversary proceeding did not begin until nearly two years after the confirmation.  Gilbane's claims cannot impact the bankruptcy estate because there is no estate left to administer.  The challenges Gilbane raises – assignment of the Subcontract without consent, lack of adequate

---

[2] Gilbane's argument that the Fifth Circuit has scaled back the scope of *In re Craig's Stores* misses the mark.  The Fifth Circuit has maintained the *In re Craig's Stores*'s rule, and courts within the circuit have continued to apply it.  *See, e.g.*, *U.S. Brass Corp. v. Travelers Ins. Group, Inc. (In re U.S. Brass Corp.)*, 301 F.3d 296, 304 (5th Cir. 2002) (applying and reaffirming *In re Craig's Stores*); *Malesovas v. Sanders*, No. Civ.A. H-04-3122, 2005 WL 1155073, *3 (S.D. Tex. May 16, 2005) (applying *In re Craig's Stores*); *Tex. Mexican Ry. Co. v. Sun Drilling Prods. Corp.*, No. Civ.A. 04-2613, 2004 WL 2784949, *4 (E.D. La. Nov. 30, 2004) (same); *Coho Oil & Gas, Inc. v. Finley Res., Inc. (In re Coho Energy, Inc.)*, 309 B.R. 217, 220–21 (N.D. Tex. Bnkr. 2004) (reviewing the post-*In re Craig's Stores* case law).

assurance of future performance of the Subcontract, and lack of notice of the proposed sale—do not pertain to the implementation or execution of the confirmed plan.

Gilbane would require the bankruptcy court to inject assets back into the bankruptcy estate by declaring that Encompass holds the Subcontract and then rule that Gilbane may keep all the money that may be owed under the Subcontract.  The bankruptcy court properly rejected this effort as beyond the scope of a core proceeding and beyond its jurisdiction. Contrary to Gilbane's arguments, the bankruptcy court properly declined to use the fact that the California state-court case may implicate some bankruptcy issues to revive bankruptcy jurisdiction that expired long ago.  *See In re Craig's Stores*, 266 F.3d at 391.  The bankruptcy court correctly held that it lacked jurisdiction.

Gilbane also contends that the bankruptcy court abused its discretion in alternatively holding that, even assuming that jurisdiction was present, abstention was appropriate. Gilbane has failed to show that the bankruptcy court applied the wrong legal standard or abused its discretion in concluding that abstention was appropriate, particularly in light of Gilbane's failure to invoke bankruptcy jurisdiction until the California court was on the verge of rendering an adverse judgment.

The bankruptcy court's order of dismissal is affirmed.  This appeal is dismissed.

SIGNED on May 3, 2006, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

6